FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 6 2011

JAMES N. HATTEN, Clerk
By: J. Wade-Chiles
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Indictment |
| ) | |
| ALLAN B. BAITCHER (01) ) | No. 1:11-CR-536 |
| JACQUELINE E. FOWLER (02) ) | |
| JAMES G. HOLLOWAY (03) ) | |

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
**18 U.S.C. § 1349**
**CONSPIRACY TO COMMIT WIRE FRAUD**

1. From in or about July 2006, through in or about January 2008, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, defendants ALLAN B. BAITCHER, JACQUELINE E. FOWLER, and JAMES G. HOLLOWAY knowingly and willfully combined, conspired, confederated, agreed, and had a tacit understanding with each other, and with other persons known and unknown to the Grand Jury, to devise and participate in a scheme and artifice to defraud, and for obtaining money by means of material false and fraudulent pretenses, representations, and promises, caused to be transmitted by wire, radio, and television communication in interstate and foreign commerce any writings, signs, signals, pictures, and sounds for

the purpose of executing such scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

2. The object and purpose of the conspiracy was for the defendants to enrich themselves by causing victims to pay tens or hundreds of thousands of dollars for what the defendants represented to be authentic antique Tiffany studio lamps, when in fact the defendants actually sold the victims counterfeit reproduction lamps. The defendants defrauded at least 19 victims and caused them to pay in excess of $700,000 for counterfeit Tiffany lamps.

## Background

3. Tiffany Studios lamps were manufactured in the late nineteenth and early twentieth centuries in the United States. They typically consist of two primary components, a base and a multicolored glass shade. The shades often feature intricate floral or geometric designs. Authentic antique Tiffany Studios lamps are worth tens or hundreds of thousands of dollars, or more, depending upon the design and rarity. Reproductions sell for significantly less than authentic antique Tiffany lamps.

4. eBay is an Internet auction service. Individuals open accounts on eBay in their names or pseudonyms and post items for sale by auction. Auction postings usually include photographs of the items for sale and a description. A seller can set a

"reserve amount," which is the minimum price he or she will accept for an item. Individuals who visit the eBay website can view photographs and descriptions of the items for auction and place bids. When the auction ends, the winning bidder and the seller usually communicate by email or telephone to arrange for payment and shipping. Bidders or potential bidders can contact the seller by email or telephone to inquire about the item for auction. Bidders or potential bidders often contact sellers by email or telephone and negotiate the sale, payment and shipping of items outside the eBay network. eBay's corporate headquarters and computer servers are located in California, and its fraud detection center is in Utah.

**Manner and Means**

At all times relevant to this indictment,

5. Defendant ALLAN BAITCHER, an appraiser and auctioneer of antiques in Atlanta, obtained reproduction Tiffany lamps by purchasing them from vendors or paying artisans to create lamps and glass shades. BAITCHER then provided them to defendants JACQUELINE FOWLER and JAMES HOLLOWAY to sell as authentic antiques. At all times relevant to the indictment, BAITCHER, FOWLER, and HOLLOWAY resided and worked in the Northern District of Georgia.

6. FOWLER made initial contacts with victims by using eBay to sell reproduction Tiffany lamps that she represented to be authentic antique lamps. In dealing with victims, FOWLER used her name or other names, including "Sally Fowler," "Elena Fowler," "G. Little Mincey," and "Jamie Cohen." On occasion, defendant BAITCHER bid up the prices of lamps that FOWLER was offering for sale on eBay by submitting increasingly large bids.

7. FOWLER had the winning bidders send their payments to her residence (600 Garson Drive, Apartment 4103, Atlanta), HOLLOWAY'S residence (820 Moores Mill Road, Atlanta), or HOLLOWAY'S office at United Oil Brokers, 4890 Plant Atkinson Road, Atlanta. She also had winning bidders send their payments to boxes at UPS Stores or other commercial mailbox businesses in Atlanta and elsewhere that the defendants rented during the conspiracy period. FOWLER often instructed the victims to make their checks payble to "V.F.," "V.C.F.," "J. Fowler," "Jamie Cohen" or "United Oil Brokers." Victims also paid by wire transferring money into one of FOWLER'S or HOLLOWAY's bank accounts. Money would then be transferred into one of BAITCHER'S accounts by cashier's checks or direct transfers. FOWLER and V.F. also cashed victims' checks at Ajax Beverage Center, and possibly other check cashing businesses.

8.  When FOWLER communicated directly with bidders for the lamps via email or telephone calls, she often offered to sell them more lamps, which she also represented to be authentic antique Tiffany lamps.  The story she often told the victims was that her deceased father had purchased the lamps when he worked as a salesman in New York during the Great Depression, and that her mother was selling her collection to raise money.  She often sent the victims pictures of lamps via email.

9.  Victims occasionally traveled to Atlanta to examine the FOWLERS' lamps.  FOWLER and V.F. would meet them at HOLLOWAY'S residence on Moores Mill Road in Atlanta, or their apartment on Garson Road in Atlanta.  FOWLER and V.F. consistently and repeatedly assured the victims that the lamps they were selling were authentic antique Tiffany lamps.

10. The victims usually received their lamps via United Parcel Service (UPS).  FOWLER usually dealt with the victims via email and telephone, but BAITCHER often took the lamps to UPS stores in Atlanta and paid to have them shipped to the victims.

11. Once, FOWLER and V.F. personally delivered lamps to the victim D.R. with HOLLOWAY, whom FOWLER introduced as V.F.'s stepson "Jim."  On another occasion, HOLLOWAY personally delivered lamps to victims T.W. and B.W.

12. When victims demanded refunds after they realized they had been sold counterfeit lamps, FOWLER attempted to assuage their concerns by referring them to BAITCHER, whom she represented to be an independent antiques appraiser. Thereafter, BAITCHER assured victims that FOWLER had sold them authentic antique Tiffany lamps.

**T.W. and B.W.**

13. An example of the operation of the scheme is the defrauding of victims T.W. and B.W. In September 2005, B.W. saw an eBay auction for what was represented to be an authentic antique Tiffany lamp. He emailed the seller, who identified herself as "Elle Fowler," the daughter of the owner of the lamps. B.W. agreed to pay $58,000 for two lamps, and "Elle Fowler" asked for a deposit of $5,000, payable to "V.F.," to be sent to HOLLOWAY's home on Moores Mill Road. B.W. made his check payable to "V.F.," and on or about September 20, 2005, it was deposited into BAITCHER's Wachovia account xxxx-8566.

14. On or about October 29, 2005, T.W. and B.W. drove from their home in Indiana to HOLLOWAY's home and met FOWLER, V.F., and HOLLOWAY, who identified himself as V.F.'s son. FOWLER and V.F. showed T.W. and B.W. several lamps that they said were authentic antique Tiffany lamps that V.F.'s deceased husband had acquired. B.W. gave V.F. a cashier's check in the amount of

$53,000 to pay the balance he owed for the two lamps. The check was payable to V.F. The check was deposited into V.F.'s Bank of America account number xxxx-0502 on or about October 31, 2005. Immediately thereafter, two checks were drawn on that account and written payable to BAITCHER. Check number 1002, in the amount of $13,000, was deposited into BAITCHER's Wachovia account number xxxx-8566 on or about November 2, 2005. Check number 1012, in the amount of $591.76, was cashed on or about November 2, 2005.

15. After T.W. and B.W. returned home, they began communicating with FOWLER by email about buying more lamps. FOWLER said that her father had one of the largest private collections of Tiffany lamps in the world, and she offered to sell them seven lamps. B.W. eventually agreed to pay $315,000 for the seven lamps. FOWLER said that HOLLOWAY had prior plans to drive to Indiana, and he would deliver the lamps. HOLLOWAY delivered the lamps on or about February 24, 2006, and B.W. had $92,000 wire transferred to V.F.'s Bank of America account number xxxx-6825 the same day. Also on or about February 24, 2006, eight checks in the total amount of $55,000, payable to BAITCHER, were written on V.F.'s Bank of America account number xxxx-6825. BAITCHER deposited one of the checks into his Wachovia account number xxxx-8566. Also on or about February 24, 2006, six checks in the total amount of $33,000, payable to "cash," were written

on V.F.'s Bank of America account number xxxx-6825. FOWLER later ignored T.W.'s and B.W.'s demands for a refund.

### G.P.

16. Another example of the operation of the scheme is the defrauding of victim G.P. In July 2006, FOWLER, posing as "Jamie Cohen," offered an "antique Tiffany Studios 'Pansy' lampshade" for sale on eBay with a reserve price of $14,900. Between July 24, 2006, and July 30, 2006, BAITCHER submitted several bids on the lamp that raised the bidding from $1,100 to $14,000. On July 30, 2006, G.P. of Seattle bid $14,956, and "Jamie Cohen" accepted his bid. She instructed G.P. to mail her a check, payable to "V.F." in the amount of $15,456 to pay for the lamp and shipping. She instructed him to mail the check to Jamie Cohen, 1266 West Paces Ferry Road NW, Suite 232, Atlanta. The address 1266 West Paces Ferry Road NW is a UPS store, and FOWLER rented box 232 at the store from June 21, 2006, through February 2, 2007. G.P. mailed the check as instructed on or about July 31, 2006, and on or about August 2, 2006, G.P.'s check was deposited into V.F.'s Bank of America account number xxxx-6825. On or about the next day, August 3, 2006, two checks were written on that account payable to BAITCHER; check number 135 was in the amount of $6,000, and check number 136 was in the amount of $4,730. On or about the same day, August 3, 2006, check number 135 was

deposited into BAITCHER's Wachovia account xxxx-2931, and check number 136 was cashed.

17. When G.P. received the lamp on or about August 5, 2006, he became concerned about its authenticity. He emailed "Jamie Cohen," who suggested that he contact BAITCHER, whom she represented to be an independent antiques appraiser. G.P. telephoned BAITCHER, who assured him that V.F. and FOWLERS' Tiffany lamps were authentic. G.P. then purchased a second lamp from "Jamie Cohen" for $12,550. He mailed her a check, payable to "V.C.F.," which was deposited in V.F.'s Bank of America account number xxxx-6825 on or about August 21, 2006. BAITCHER then paid $289.24 to ship the lamp to G.P. via UPS. G.P. took both of the lamps he had purchased from "Jamie Cohen" to an appraiser, who confirmed that neither were authentic antique lamps. G.P. telephoned BAITCHER, who assured him that "Jamie Cohen's" lamps were authentic and that she would refund his money on request. "Jamie Cohen" later ignored G.P.'s request for a refund.

### D.R.

18. A third example of the operation of the scheme is the defrauding of victim D.R. In June 2007, D.R. saw two "original antique" Tiffany Studios lamps for auction on eBay. He watched the bidding, and when neither reached the reserve amounts, he

contacted the seller, who identified himself as "Jack Fowler." D.R. agreed to pay $55,000 for the two lamps, and "Jack" agree to bring them to D.R. for inspection. On or about June 21, 2007, FOWLER, HOLLOWAY and V.F. brought two lamps to D.R.'s home in Alabama. FOWLER assured D.R. that the lamps had been in her family since the 1940s. D.R. had $55,000 electronically transferred to HOLLOWAY's Wachovia account xxxx-1980.

19. On or about July 8, 2007, D.R. saw another antique Tiffany lamp being auctioned on eBay. He emailed the seller, who identified himself as "Charlie Morgan," who said the lamp belonged to his aunt. "Morgan" delivered the lamp to D.R., who inspected it and paid with a check for $17,000, made payable to "V.F." The check was cashed a few days later at Ajax Beverage Center in Atlanta.

20. Approximately three weeks later, "Morgan" emailed D.R. to say that "his aunt" was selling her remaining collection of Tiffany lamps. He said the lamps could be inspected in apartment No. 4130 in the "Tuscany at Lindbergh" complex, 600 Garson Road, Atlanta. Unbeknownst to D.R., FOWLER lived in apartment 4130 at the time. D.R. met "Morgan," FOWLER and V.F. at the apartment on or about August 3, 2007. V.F. said she had asked "Morgan" to contact D.R. about her liquidation of her collection. D.R. agreed to buy seven lamps from V.F. for $110,000. He gave her a

check payable to "V. C. F." for $110,000 and left with the lamps. On or about August 6, 2007, V.F. cashed D.R.'s check and received the following:

*one cashier's check in the amount of $54,341.77 payable to JAMES HOLLOWAY;

*three cashier's checks, each in the amount of $9,000, payable to defendant ALLAN BAITCHER;

*one cashier's check in the amount of $23,500, payable to BAITCHER; and

*$5,158.23 in cash.

BAITCHER cashed the cashier's checks on or about August 6, 2007.

21.   In the following weeks, D.R. became suspicious about the authenticity of the lamps he had purchased from FOWLER and V.F. He contacted FOWLER, who suggested he speak with BAITCHER, whom she represented to be an independent antiques appraiser. BAITCHER agreed to visit D.R.'s home and appraise his lamps. BAITCHER visited D.R.'s home on September 13, 2007. BAITCHER said that the lamps that FOWLER sold D.R. were authentic, but he refused to give D.R. a written appraisal. BAITCHER said he knew FOWLER, but he had not seen her in several years.

22.   Between July 2006 and January 2008, JACQUELINE FOWLER, ALLAN BAITCHER, and JAMES HOLLOWAY used more than 15 different eBay seller names and created more than 75 eBay

auctions advertising numerous styles of authentic antique Tiffany lamps, and used the Internet, emails, and telephonic communications in their scheme to defraud at least 19 victims of more than $700,000 by selling them counterfeit lamps.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## 18 U.S.C. § 1343
## WIRE FRAUD

23. The Grand Jury re-alleges and incorporates by reference the allegations set forth in paragraphs 2 through 22.

24. On or about September 11, 2007, in the Northern District of Georgia, defendants ALLAN B. BAITCHER, JACQUELINE E. FOWLER, and JAMES G. HOLLOWAY, aided and abetted by each other, and for the purpose of executing and carrying out the scheme to defraud described above, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, that is, defendants caused victim D.R., who was outside the State of Georgia, to communicate with FOWLER via eBay or emails sent to her computer, which was located in the Northern District of

Georgia, all in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS THREE & FOUR
## 18 U.S.C. § 1343
## WIRE FRAUD

25. The Grand Jury re-alleges and incorporates by reference the allegations set forth in paragraphs 2 through 22.

26. On or about the dates listed below, in the Northern District of Georgia, defendants ALLAN B. BAITCHER and JACQUELINE E. FOWLER, aided and abetted by each other, and for the purpose of executing and carrying out the scheme to defraud described above, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, that is, defendants caused the victims listed below, who were outside the State of Georgia, to communicate with FOWLER via eBay or emails sent to her computer, which was located in the Northern District of Georgia:

| Count | Date of email | Victim |
|-------|---------------|--------|
| 3.    | 12/6/2006     | J.C.   |
| 4.    | 9/27/2007     | A.N.   |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNTS FIVE-SEVEN
### 18 U.S.C. § 1343
### WIRE FRAUD

27.  The Grand Jury re-alleges and incorporates by reference the allegations set forth in paragraphs 2 through 22.

28.  On or about the dates listed below, in the Northern District of Georgia, defendants JACQUELINE E. FOWLER and JAMES G. HOLLOWAY, aided and abetted by each other, and for the purpose of executing and carrying out the scheme to defraud described above, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, that is, defendants caused the victims listed below, who were outside the State of Georgia, to communicate with FOWLER via eBay or emails sent to her computer, which was located in the Northern District

of Georgia:

| Count | Date of email | Victim |
|-------|---------------|--------|
| 5.    | 12/6/2006     | S.R.   |
| 6.    | 2/25/2007     | J.H.   |
| 7.    | 10/18/2007    | M.M.   |

All in violation of Title 18, United States Code, Sections 1343 and 2.

A ___True___ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY

_____
WILLIAM G. TRAYNOR
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 716634

_____
BRIAN M. PEARCE
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 568768

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000